UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH THORNTON, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | |
| ) | Case No. 2:10-cv-01966-KOB-PWG |
| WARDEN CHERYL PRICE and ) | |
| THE ATTORNEY GENERAL OF ) | |
| THE STATE OF ALABAMA, ) | |
| ) | |
| Respondents ) | |

## MEMORANDUM OPINION

On August 9, 2010, the magistrate judge's report and recommendation was entered and the parties were allowed fourteen days in which to file objections to the recommendations made by the magistrate judge. On August 27, 2010, after obtaining an extension of time, petitioner filed objections to the magistrate judge's report and recommendation.

The magistrate judge recommended that the habeas corpus petition be denied summarily as time-barred. Petitioner contended he was actually innocent because forensic evidence failed to connect him to the crimes. The magistrate judge determined that petitioner's assertion of actual innocence was insufficient to invoke

the doctrine of equitable tolling of the limitations period. Petitioner takes issue with some of the factual background set out in the report and recommendation, as well as the analysis. He also contends that the magistrate judge should have ordered the respondents to respond to his petition. The court notes that the factual background set out in the report and recommendation was based on the habeas corpus petition filed by Thornton and the information provided by him, as well as reported cases.

The magistrate judge stated that petitioner did not file a post-conviction petition raising the claim regarding the forensic evidence. However, petitioner avers that he *did* file a post-conviction petition pursuant to Rule 32, Ala. R. Crim. P., on March 25, 2009. The petition was denied as time-barred on May 8, 2009, because it was not based on newly discovered evidence. *See* Ex. A to Petitioner's Objections. Thornton appealed the denial of relief on July 8, 2009. After the decision was affirmed on appeal, he filed a petition for writ of certiorari with the Alabama Supreme Court on January 21, 2010, which the court assumes was denied.

Nonetheless, even though petitioner did pursue state remedies once he received a copy of the forensic report and filed the instant habeas corpus proceeding within a year of the conclusion of these Rule 32 proceedings, the fact remains that he did not seek habeas corpus relief for more than a year after he pled guilty, making this habeas corpus petition untimely, at least in the absence of some basis for equitable tolling.

For equitable tolling to apply, a petitioner has the burden of proving "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotation marks and citation omitted); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In this case, the forensic report is not newly discovered evidence, as it was available during petitioner's trial. At best, it is only "newly discovered" by petitioner himself. The petitioner makes no claim that the State did not give the report to petitioner's counsel prior to trial or that counsel did not have the benefit of the report in presenting petitioner's defense.[1] Had petitioner pursued his rights diligently, he could have obtained a copy of the forensic report long before now. Further, no extraordinary circumstance stood in Thornton's way and prevented him from getting a copy of the report or timely filing a habeas corpus petition.

Further, petitioner has not shown that it is more likely than not that no reasonable juror would have convicted him in the light of the report, especially given the victim's identification of him at trial as one of her assailants. Petitioner does not deny he was present when she was abducted and raped. In this case, the petitioner

---

[1] While petitioner initially claims that the State withheld the forensic report from his attorneys, he then claims that his attorneys did not show him the report before he pled guilty "to allow him to make an intelligent decision." Instead, they advised him that the prosecution had enough evidence to convict him and he would receive a 238-year sentence if he were convicted after a jury trial. *See* Doc. #1, Habeas Corpus Petition. Based on the identification by the victim of petitioner as one of her attackers and a participant in her kidnaping, notwithstanding the forensic report, the assessment by petitioner's counsel was accurate and valid.

was not convicted of a "simple" rape, but of rape, sodomy and kidnaping. Even if the forensic report somehow proved that he did not personally rape the victim (which in this case of multiple rapes by multiple attackers it does not conclusively do), the other evidence would be more than ample to still sustain a conviction of rape as an aider and abetter, and of kidnaping, and sodomy. The forensic report does not refute his presence and participation in the abduction, rape and sodomizing of the victim. Under Alabama law, he would still be criminally liable as an accomplice under the evidence presented against him. See Ala. Code § 13A-2-23; see also *Thornton v. State*, 513 So. 2d 83 (Ala. Crim. App. 1987) for the evidence available against petitioner that the forensic report would not refute.

After careful consideration of the record in this case, the magistrate judge's report and recommendation and the petitioner's objections thereto, the court hereby ADOPTS the report of the magistrate judge, with the exception of the fact that Thornton filed a Rule 32 petition in the trial court in 2009. The court further ACCEPTS the recommendations of the magistrate judge.

A separate Final Judgment in conformity with this Memorandum Opinion will be entered contemporaneously.

DONE this 26th day of January 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE